IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. SMITH,

                     Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

MICHAEL MEISNER,　　　　　　　　　　　　　　　20-cv-1038-jdp

                     Respondent.

---

Christopher D. Smith, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Smith has filed a petition for writ of habeas corpus challenging his confinement under a 2002 conviction in Milwaukee County Case No. 01CF6402 for three counts of armed robbery with threat of force, as a party to a crime. Smith filed his petition on a form for federal prisoners challenging their federal custody under 28 U.S.C. § 2241, but because Smith is a state prisoner seeking release from his custody under a state court conviction, § 2241 does not apply to his case. Instead, I'll construe his petition as being brought under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633.

The next step is for the court to conduct a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read it generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even given this standard, I'll dismiss the petition.

Smith challenges the arrest that led to his conviction, stating that his Fourth and Fourteenth Amendment rights were violated because police officers did not have a warrant or probable cause to arrest him. But an illegal arrest is not a sufficient ground for this federal court to vacate his underlying conviction. *See United States v. Crews*, 445 U.S. 463, 474 (1980); *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983). Smith doesn't challenge anything else about the criminal proceedings that led to his conviction. Even if he did, his petition would be meritless. Smith has already filed a habeas petition about this conviction, and the United States District Court for the Eastern District of Wisconsin dismissed it as untimely. *Smith v. Hepp*, No. 17-CV-1592, 2018 WL 4233003, at *3 (E.D. Wis. Sept. 4, 2018). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the appropriate court of appeals authorizing the district court to consider the application. I have no authority to consider Smith's new petition until the court of appeals gives its approval. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Moreover, as with his petition brought in the Eastern District of Wisconsin, Smith filed this new petition far too late. A habeas petitioner generally has one year from the date his conviction is final in which to file his § 2254 petition. Smith's conviction became final in 2006. *See Smith*, 2018 WL 4233003, at *2.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not debate the various problems with Smith's petition, I will not issue Smith a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

## ORDER

IT IS ORDERED that:

1. The petition for writ of habeas corpus filed by Christopher D. Smith, Dkt. 1, is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered December 8, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge
